UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN McFARLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV725 HEA |
| | ) | |
| TEAMSTERS LOCAL 688, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Pursuant to F.R.C.P 12(b)(6), [Doc. No. 13]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion to Dismiss is granted.

## Facts and Background

Plaintiff alleges a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, based on discrimination which he claims occurred between December, 2006 and July, 2007. Although Plaintiff checked the "yes" box on his *pro se* form that he filed a charge of discrimination against the defendant(s) with the EEOC, Plaintiff fails to set forth the date filed on the complaint form. Defendant moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

## Discussion

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court may consider matters of public record, and the consideration of those matters does not convert the motion into one for summary judgment. *Porous Media Corp. V. Pall Corp*, 186 F.3d 1077, 1079 (8th Cir. 1999). EEOC charges are matters of public record. *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802-03 (8th Cir. 2002); *Blackley v. Schlumberger Technology Corp.*, 648 F.3d 921, 931 (8th Cir. 2011). Defendant has submitted the FOIA response letter establishes that Plaintiff did not file an EEOC charge against Defendant Union.

"Before bringing a Title VII action, a plaintiff must file a charge with the EEOC within 300 days of the event giving rise to the cause of action." *Klein v. McGowan*, 198 F.3d 705, 709 (8th Cir .1999) (citing 42 U.S.C. § 2000e-5(e)). "The timely filing of a charge of discrimination with the EEOC is a prerequisite to court action under Title VII." *Greene v. Carter Carburetor Co.*, 532 F.2d 125, 126 (8th Cir.1976). Thus, "as a general rule, a complainant must file a charge against a party with the EEOC before she can sue that party under Title VII. See, e.g., *EEOC v. McLean Trucking Co.*, 525 F.2d 1007, 1011 (6th Cir.1975); *Evans v. Sheraton Park Hotel*, 503 F.2d 177, 181 (D.C.Cir.1974); *Williams v. General Foods Corp.,* 492 F.2d 399, 404 (7th Cir.1974)." *Sedlacek v. Hach* 752 F.2d 333,

336 (8th Cir. 1985). Plaintiff has failed to allege and set out in his Complaint that he filed an EEOC charge against Defendant. As such, his Complaint fails to state a claim for relief.[1]

**Conclusion**

Plaintiff has failed to allege, and Defendant has established, through judicial notice of public records that Plaintiff failed to file a charge of discrimination with the EEOC against Defendant Union.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint, [Doc. No. 13], is granted.

**IT IS FURTHER ORDERED** that this matter is dismissed.

Dated this 29th day of January, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[1] In that the Court finds Plaintiff has failed to file an EEOC charge, the Court need not address Defendant's alternative arguments that Plaintiff failed to obtain a "right to sue" letter and that the matter is time barred, both of which appear to be valid arguments.